Citation Nr: 1331584 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 10-40 572 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in Oakland, California


THE ISSUES

1. Entitlement to service connection for a bilateral flank disability.

2. Entitlement to service connection for left trapezium disability.

3. Entitlement to service connection for right eye disability.

4. Entitlement to service connection for hemorrhoids.


REPRESENTATION

Veteran represented by: Charles D. Romo, Esq.


ATTORNEY FOR THE BOARD

Matthew Blackwelder, Counsel
INTRODUCTION

The Veteran had active service from September 1981 to September 1985. 

This appeal comes to the Board of Veterans' Appeals (Board) from a September 2007 rating decision. 

The Board must note that in reviewing this case the Board has not only reviewed the Veteran's physical claims file, but also his file on the "Virtual VA" system to insure a total review of the evidence. 

It is noted that the Veteran was scheduled for a Travel Board hearing in August 2013, but he failed to report and has not submitted good cause for his absence. As such, his hearing request is considered to be withdrawn.

The appeal is REMANDED to the Department of Veterans Affairs Regional Office. VA will notify the Veteran if further action is required.


REMAND

In March 2011, the Veteran submitted a statement informing VA that records were outstanding that should be sought prior to the adjudication of his claim. He specifically indicated that he had received treatment at the following facilities:

1. VA Central California Health Care System from (June 2010-present);
2. North Florida/South Georgia Veterans Health Care System (January 2006-present);
3. Mayo Clinic; 4500 San Pablo Rd, Jacksonville, FL 32224 (January 2006-present); and
4. Naval Air Station Lemoore in California (September 1981-present).

In this regard, it is important for the Veteran to understand that obtaining these records himself (or, in the alternative, investigating if these records are available and then informing the VA when they are not) would greatly speed up the adjudication of his case, which has been ongoing for many years, delays, in most part, in the search for records. When the Veteran informs the VA of outstanding private medical records, but then makes no effort to obtain these records himself, he delays the adjudication of his own case. The Veteran can also obtain VA records (which will also expedite the adjudication of his case as the Veteran is uniquely qualified to know when and where he was last treated by VA). 

VA records from the VAMC in Florida have been obtained on several occasions, but they were last updated in August 2010. Additionally, it does not appear that records from any VA facility in California have been obtained, nor have any records been sought from the Mayo Clinic (it is unclear if the RO was even aware that the Veteran was receiving treatment at these other facilities until later in the adjudication of this case). 

The Veteran's service treatment records have been obtained, including records from Lemoore Naval Air Station, but no records are dated post-separation in 1985, and given the Veteran's indication that treatment has been received from 1981 to the present, it appears that an attempt should be made to clarify whether any post-service treatment was provided at that facility and if so to obtain such records.

Finally, the Veteran has on several occasions requested that VA obtain records from the Americans All-Risk Loss Administrators ("AARLA"). In this case, three documented requests have been sent to AARLA, with no reply having been received. As such, VA has met its requirement to seek the records. The Veteran himself may attempt to obtain these records from this source or any other source he feels would assist his claims. 

38 C.F.R. § 3.159 (e) provides that if VA makes reasonable efforts to obtain relevant non-Federal records but is unable to obtain them, or after continued efforts to obtain Federal records concludes that it is reasonably certain they do not exist or further efforts to obtain them would be futile, VA will provide the claimant with oral or written notice of that fact. The notice must contain the following information: (i) The identity of the records VA was unable to obtain; (ii) An explanation of the efforts VA made to obtain the records; (iii) A description of any further action VA will take regarding the claim, including, but not limited to, notice that VA will decide the claim based on the evidence of record unless the claimant submits the records VA was unable to obtain; and (iv) A notice that the claimant is ultimately responsible for providing the evidence. To date, it does not appear that this has been done.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and ask him to identify the approximate dates of treatment he received treatment at Naval Air Station Lemoore, including whether any post-service treatment was actually rendered. If any post-service treatment is identified, it should be sought.

2. Obtain treatment records from the Mayo Clinic (located at 4500 San Pablo Rd, Jacksonville, FL 32224).

3. Obtain/update the VA treatment records that are of record, ensuring that VA has obtained all VA treatment provided to the Veteran in both Florida and in California. 

4. Send the Veteran a letter pursuant to 38 C.F.R. § 3.159(e), which explains that VA was unable to obtain records from AARLA.

5. Then readjudicate the appeal. If the claims remain denied, provide the Veteran and his attorney with a supplemental statement of the case and allow an appropriate time for response. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).


_________________________________________________
JOHN J. CROWLEY 
Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).